UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,     : | |
|     Plaintiff,     : | |
| : | |
| v.     : | Case No. 3:16-cv-1198(VAB) |
| : | |
| LIEUTENANT FRANCO, ET AL.,     : | |
|     Defendants.     : | |

**INITIAL REVIEW ORDER**

Plaintiff, Jake J. Ruffino, is incarcerated at the Garner Correctional Institution in Newtown, Connecticut. He has filed a civil rights action against Lieutenant Franco and Correctional Officer Meggett. For the reasons set forth below, the Complaint will be dismissed in part.

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial

plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Mr. Ruffino claims that, on February 29, 2016, he was confined in the mental health unit at Osborn Correctional Institution. Early that morning, Mr. Ruffino allegedly became upset and mentally unstable and asked Officer Meggett to contact the mental health staff. Officer Meggett allegedly refused to call the mental health staff and suggested that Mr. Ruffino hang himself. Mr. Ruffino and Officer Meggett allegedly engaged in a verbal exchange. At one point, Officer Meggett allegedly spit into Mr. Ruffino's face.

When Lieutenant Franco arrived at the cell, Mr. Ruffino allegedly explained what had occurred between himself and Officer Meggett and requested mental health services. Lieutenant Franco then allegedly sprayed Mr. Ruffino in the head, face and body with a chemical agent. Officer Meggett allegedly stood by and failed to intervene. Mr. Ruffino states that he experienced a burning sensation in his eyes, lungs and mouth and on his skin.

Mr. Ruffino sues Defendants in their individual capacities only. He seeks monetary damages and declaratory relief.

Mr. Ruffino asks the Court to declare that the conduct of Defendants violated his Eighth Amendment rights. The purpose of the Declaratory Judgment Act is to allow parties to resolve claims before either side suffers great harm. *See In re Combustion Equip. Assoc. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988). In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit

a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law.  *Id.* at 155-56.

The exception to Eleventh Amendment immunity, however, does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief") (citations omitted); *Ward v. Thomas,* 207 F.3d 114, 119-20 (2d Cir. 2000) (Eleventh Amendment bars retrospective relief in form of declaration that State of Connecticut violated federal law in the past).

Mr. Ruffino's request for a declaration that Defendants violated his federal constitutional rights in February 2016 cannot be properly characterized as "prospective" because Mr. Ruffino does not allege how such relief would remedy a future constitutional violation by Defendants. Thus, Mr. Ruffino's request for declaratory relief does not meet the exception to the Eleventh Amendment immunity set forth in *Ex Parte Young*.

Absent any request for prospective relief to remedy ongoing violations of federal law, a declaration that Defendants violated Mr. Ruffino's constitutional rights in the past is barred by the Eleventh Amendment.  *See Green*, 474 U.S. at 71-73 (if there is no allegation of an ongoing violation of federal law, the Eleventh Amendment prevents federal courts from providing notice relief or a declaratory judgment that state officials violated federal law in the past); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 162 (D. Conn. 2005) (dismissing claim for retrospective

declaratory relief in the form of a statement that the conduct of certain defendants violated plaintiff's rights because it was barred by the Eleventh Amendment).  The request for declaratory relief is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

The Court concludes that Mr. Ruffino has stated plausible Eighth Amendment claims of deliberate indifference to his health and safety and the use of excessive force as to Lieutenant Franco, and he has stated plausible Eighth Amendment claims of deliberate indifference to health and safety and failure to protect from harm as to Officer Meggett.  These claims will proceed against Defendants in their individual capacities.

## ORDERS

The Court enters the following orders:

(1)     The claim for declaratory relief against the defendants in their official capacities is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).  The Eighth Amendment deliberate indifference to health and safety and use of excessive force claims against Lieutenant Franco and the Eighth Amendment deliberate indifference to health and safety and failure to protect from harm claims against Officer Meggett will proceed.

(2)     **Within twenty-one (21) days of this Order**, the Clerk of the Court shall obtain from the Department of Correction Office of Legal Affairs the current work addresses for Lieutenant Franco and Officer Meggett and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his current work address.  On the thirty-fifth (35th) day after mailing, the Clerk of the Court shall report to the Court on the status of all the requests.  If any Defendant fails to return the waiver request, the Clerk of the Court shall make arrangements for in-person service by the U.S. Marshals Service and the Defendant shall be

required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Defendants shall file their response to the Complaint, either an Answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order.  Discovery requests need not be filed with the Court.

(5) All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

SO ORDERED at Bridgeport, Connecticut this 13th day of January, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE